Law Offices Of:
HARRISON & MATSUOKA

WILLIAM A. HARRISON #2948
American Savings Bank Tower
1001 Bishop Street, Suite 1180
Honolulu, Hawaii 96813
Telephone No.: (808) 523-7041
Facsimile No.: (808) 538-7579
E-mail: wharrison@hamlaw.net

Attorney for Plaintiffs
JULIEANN NAKI, Individually,
and as Special Administrator
of the Estate of NATHANIEL JOSHUA NA WA`E
WA`E MAKALA KA KAI NAKI, RAYMOND K. NAKI, SR.,
RAYMOND K. NAKI, JR., ANTHONY NAKI,
JESSE NAKI, TERINA NAKI and PALMER NAKI

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JULIEANN NAKI, Individually, and as Special Administrator of the Estate of NATHANIEL JOSHUA NA WA`E WA`E MAKALA KA KAI NAKI, RAYMOND K. NAKI, SR., RAYMOND K. NAKI, JR., ANTHONY NAKI, JESSE NAKI, TERINA NAKI and PALMER NAKI<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF MAUI, DOE POLICE OFFICERS in their individual and official capacities as police officers for the County of Maui; | CIVIL NO. _____<br><br>COMPLAINT; DEMAND FOR JURY TRIAL<br><br><br><br><br><br><br><br><br><br>*(Caption continued next page)* |

| | |
|---|---|
| DOE INDIVIDUALS 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, DOE GOVERNMENTAL ENTITIES 1-10, and DOE ENTITIES 1-10, | ) ) ) ) ) ) |
| Defendants. | ) ) |

# COMPLAINT

Comes now Plaintiffs JULIEANN NAKI, Individually, and as Special Administrator of the Estate of NATHANIEL JOSHUA NA WA`E WA`E MAKALA KA KAI NAKI, RAYMOND K. NAKI, SR., RAYMOND K. NAKI, JR., ANTHONY NAKI, JESSE NAKI, TERINA NAKI and PALMER NAKI above named (collectively "Plaintiffs"), by and through their counsel, and for complaint against Defendants above named, alleges, and avers as follows:

## INTRODUCTION

1. This cause of action arises out of the shooting of NATHANIEL JOSHUA NA WA`E WA`E MAKALA KA KAI NAKI ["Nathaniel"] on the Island of Molokai, April 30, 2023 by one or more Maui Police Department officers. The unlawful shooting resulted in Nathaniel's death.

## PARTIES

2. Plaintiff JULIEANN NAKI [hereinafter "Plaintiff" or "Special Administrator"] is, and at all pertinent times, was a resident of the County of Maui, State of Hawaii, and the mother of Nathaniel.

2

3. That Plaintiff JULIEANN NAKI is the duly appointed Special Administrator of the Estate of NATHANIEL JOSHUA NA WA`E WA`E MAKALA KA KAI NAKI [hereinafter "Estate"].

4. Plaintiff RAYMOND K. NAKI, SR., [hereinafter "Plaintiff"] is, and at all pertinent times, was a resident of the County of Maui, State of Hawaii, and the father of Nathaniel.

5. Plaintiffs RAYMOND K. NAKI, JR., ANTHONY NAKI, JESSE NAKI, TERINA NAKI and PALMER NAKI [hereinafter "Siblings" and/or "Plaintiffs"] are all residents of the County of Maui, State of Hawai`i and the siblings of Nathaniel.

6. At all times mentioned herein, Defendant COUNTY OF MAUI [hereinafter "COUNTY"] is and was a municipal corporation organized under the laws of the State of Hawaii and is liable to be sued pursuant to *Hawaii Revised Statutes § 46-1.5*. COUNTY has supervisory obligations and is *respondeat superior* over and is responsible herein for the acts and omissions of the Maui County Police Department [hereinafter "POLICE DEPARTMENT"], and its Officers.

7. At all times relevant herein, Defendant DOE POLICE OFFICERS [hereinafter "POLICE OFFICERS," "Defendants"] were residents of the County of Maui, State of Hawaii, and employees of COUNTY, acting in the

3

course and scope of their employment as Maui County Police Officers. Doe Police Officers are being sued in all applicable capacities. At present, Plaintiffs do not have sufficient knowledge or information as to the proper identity of the aforementioned POLICE OFFICERS. Plaintiffs have made due and diligent search and review of all relevant records, files, police and incident investigation reports and all other documents uncovered by way of formal and informal discovery to determine the true identities of all Defendants herein. Requests for information from the Maui Police Department and County as to the identities of the police officers have not been forthcoming.

8.  Defendants DOE INDIVIDUALS 1-10, DOE CORPORATIONS 1-10, and DOE GOVERNMENTAL ENTITIES 1-10 are sued herein under fictitious names for the reason that, despite diligent and good faith efforts to obtain information, their true names and identities are presently unknown to Plaintiffs, except that they are connected in some manner with the named Defendants and/or were the agents, servants, employees, employers, representatives, co-ventures', associates, or vendors of the named Defendants and/or were in some manner presently unknown to Plaintiffs engaged in the activities alleged herein and/or were in some manner responsible for the injuries or damages to Plaintiffs and/or were in some manner related to the named Defendants and that their "true names, identities, capacities, activities, and/or

4

responsibilities" are presently unknown to the Plaintiffs or their attorney.

9. In engaging in the conduct described herein, Defendant police officers acted under the color of state and county law and in the course and scope of their agency and employment with the County. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States Constitution and the Constitution and the laws of the State of Hawai'i.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over the claims in this matter pursuant to 28 U.S.C.§§ 1331, 1343, and 1367, as well as all pendant state claims alleged.

11. Additionally, this action is brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, as well as 42 U.S.C. §§ 1981, 1983 and 1988.

12. Venue is proper in this Circuit pursuant to 28 U.S.C.§ 1391 (b) and (c) since all the acts, omissions, and occurrences alleged herein took place within the County of Maui, State of Hawaii.

**STATEMENT OF FACTS**

13. On April 30, 2023, the day Nathaniel was unlawfully shot and killed he was 39 years old.

14. Nathaniel was born and raised on the island of Molokai. He was known by all long-time residents of Molokai, including Defendant OFFICERS.

15. Plaintiffs are informed and of the belief that on April 30, 2023, Nathaniel was on a public street on Molokai, when several Maui Police Officers arrived and approached him.

16. Plaintiffs are informed and of the belief that the officers were responding to a call alleging a TRO violation.

17. Upon arrival the officers observed Nathaniel with a Machete tucked under his arm. The body police body camera footage provides proof that the Machete was not being wielded in a threatening manner.

18. Notwithstanding the fact that Nathaniel was not threatening anyone, the officers pointed their service pistols at Nathaniel and demanded that he put down the knife which was under his arm, uttering expletives while threatening to shoot and kill Nathaniel.

19. Plaintiffs are informed and believe that without any further provocation from Nathaniel, Defendant Police Officers opened fire with their weapons at point blank range.

20. As a result of opening fire at point blank range, Nathaniel was shot and killed. Plaintiffs are informed and believe the time of death was hours later after Nathaniel's body lie on the open road without medical care or assistance.

21. It is the duty of the Maui Police Department and its officers, to ensure public safety and to preserve and protect the lives and rights of all individuals. Maui Police Officers are also trained to de-escalate situations to negate the need to use deadly force and to use only the amount of force necessary to overcome the nature of the threat or resistance offered.

22. In this case the Maui Police Officers involved used unlawful deadly force when they discharged their weapons at Nathaniel without provocation.

23. In May and June 2023, Plaintiffs sought information from COUNTY, POLICE and POLICE DEPARTMENT regarding the nature and circumstances of Nathaniel's death. COUNTY, POLICE and POLICE DEPARTMENT hid the nature and circumstances of Nathaniel's demised from Plaintiffs. POLICE and POLICE DEPARTMENT's acts in failing to divulge information to Plaintiffs was done in a fraudulent attempt to cover-up defendants' complicity and/or responsibility for Nathaniel's demise.

24. As a direct and proximate result of the forgoing Plaintiffs have incurred funeral and other expenses in amounts to be proven at trial.

25. As a further direct result of the forgoing the Estate of NATHANIEL JOSHUA NA WA`E WA`E MAKALA KA KAI NAKI has suffered loss of income, pain and suffering and loss of enjoyment of life.

26. As a further direct and proximate result of the foregoing Plaintiffs have suffered great mental anguish, suffering, pain, and anger due to the loss of their son and brother.

## COUNT I:

**42 U.S.C. § 1983**

27. Plaintiffs reallege and incorporates by reference herein paragraphs 1 – 26 herein above as though fully set forth in this cause of action and further state:

(a) The wrongful conduct of detaining and firing a weapon at Nathaniel who was no threat to the Police, violated Nathaniel's Fourth Amendment rights under the United States Constitution, to be secure against unreasonable seizure of his person in violation of 42 U.S.C. § 1983.

(b) The wrongful conduct of detaining and firing a weapon at Nathaniel who was no threat to the Police, violated Nathaniel's Fourteenth Amendment's due process right to life and liberty under the United States Constitution, in violation of 42 U.S.C. § 1983.

28. As a direct and proximate result of the willful and wanton conduct and/or gross negligence and carelessness of Defendants and each of them aforesaid, Decedent NATHANIEL JOSHUA NA WA`E WA`E MAKALA KA KAI NAKI was essentially assassinated by the Maui Police Officers.

29. As a direct and proximate result of the willful and wanton conduct and/or gross negligence and carelessness of Defendants and each of them, Nathaniel experienced excruciating pain and suffering and severe mental anguish and emotional trauma prior to his death and his estate has been damaged as provided in Hawaii Revised Statutes §663-4, §663-7 and §663-8, and by such other damages as allowed by law.

30. As a direct and proximate result of the willful and wanton conduct and/or gross negligence and carelessness of Defendants and each of them, Decedent NATHANIEL JOSHUA NA WA`E WA`E MAKALA KA KAI NAKI suffered loss of future earnings in an amount to be shown at trial which may be recovered by his estate pursuant to Hawaii Revised Statutes §663-4 and §663-7.

31. As a direct and proximate result of the willful and wanton conduct and/or gross negligence and carelessness of Defendants and each of them, the Estate of NATHANIEL JOSHUA NA WA`E WA`E MAKALA KA KAI NAKI incurred burial and other expenses in an amount to be shown at trial and his

estate is entitled to the recovery of damages as provided in Hawaii Revised Statutes §663-3, and such other special, general, compensatory, and/or punitive damages as allowed by law.

## COUNT II

**Intentional Infliction of Emotional Distress**

32. Plaintiffs reallege and incorporates by reference herein paragraphs 1 - 31 herein above as though fully set forth in this cause of action.

33. As a direct and proximate result of the willful and wanton conduct and/or gross negligence and carelessness of Defendants and each of them, Plaintiffs JULIEANN NAKI, individually, and as the mother of NATHANIEL JOSHUA NA WA`E WA`E MAKALA KA KAI NAKI, RAYMOND K. NAKI, SR., RAYMOND K. NAKI, JR., ANTHONY NAKI, JESSE NAKI, TERINA NAKI and PALMER NAKI have suffered and continue to suffer severe mental and emotional distress and other damages in an amount to be proven at trial.

34. As a direct and proximate result of the willful and wanton conduct and/or gross negligence and carelessness of Defendants and each of them, Plaintiffs JULIEANN NAKI, individually, and as the mother of NATHANIEL JOSHUA NA WA`E WA`E MAKALA KA KAI NAKI, RAYMOND K. NAKI, SR., RAYMOND K. NAKI, JR., ANTHONY NAKI,

JESSE NAKI, TERINA NAKI and PALMER NAKI, have suffered and continue to suffer loss of filial consortium and other damages in an amount to be proven at trial.

35. As a direct and proximate result of the negligence and carelessness of Defendants and each of them, Plaintiffs JULIEANN NAKI, individually, and as the mother of NATHANIEL JOSHUA NA WA`E WA`E MAKALA KA KAI NAKI, RAYMOND K. NAKI, SR., RAYMOND K. NAKI, JR., ANTHONY NAKI, JESSE NAKI, TERINA NAKI and PALMER NAKI have suffered loss of society, love and affection, companionship, comfort and protection and pecuniary loss and such other damages as may be compensated by law resulting from the death of their son and/or sibling.

36. As a direct and proximate result of the said negligence and carelessness of Defendants and each of them, Plaintiffs JULIEANN NAKI, individually, and as the mother of NATHANIEL JOSHUA NA WA`E WA`E MAKALA KA KAI NAKI, RAYMOND K. NAKI, SR., RAYMOND K. NAKI, JR., ANTHONY NAKI, JESSE NAKI, TERINA NAKI and PALMER NAKI are entitled to damages in an amount to be proven at trial

## COUNT III

**Wrongful Death**

37. Plaintiffs reallege and incorporates by reference herein paragraphs 1 - 36 herein above as though fully set forth in this cause of action.

38. Defendants' COUNTY and POLICE and DOES, and/ or each of them, by their conduct as herein alleged, directly, and proximately caused Nathaniel to be attacked and killed by the Maui Police Officers.

39. These defendants' conduct was neither privileged nor justified under statute or common law.

40. The conduct of Defendants' COUNTY, POLICE, POLICE DEPARTMENT and DOES, and/ or each of them, as set forth herein, was in total and utter disregard of the rights and privileges of Nathaniel and with knowledge that Nathaniel would suffer injury or death as result.

41. As a direct and proximate result of the said intentional conduct and/ or negligence and/or carelessness of Defendants and each of them, Plaintiffs are entitled to special, general and/or punitive damages in an amount to be proven at trial.

## COUNT IV

**Negligent Infliction of Emotional Distress, Pain, and Suffering**

42. Plaintiffs reallege and incorporates by reference herein paragraphs 1 - 41 herein above as though fully set forth in this cause of action.

43. During the above alleged period Defendants and each of them knew Nathaniel was a vulnerable individual due to his present mental state, yet failed to take precautions to protect him.

44. Defendants and each of them, knew or should have known that Nathaniel was at substantial risk of death by their actions, but failed to properly handle or defuse the situation.

45. The negligent conduct of Defendants and each of them, as set forth hereinabove, was the proximate and legal cause of injuries and damages suffered by Nathaniel, including but not limited to excruciating pain and suffering and severe mental anguish and emotional trauma prior to his death, his eventual death, loss of earnings and such other special damages as will be proved at trial.

## COUNT V

**Malicious, willful, and wanton conduct**

46. Plaintiffs reallege and incorporates by reference herein paragraphs 1 - 45 herein above as though fully set forth in this cause of action.

47. The conduct of Defendants, as alleged herein, was intentional, malicious, willful, and wanton which warrants the imposition of punitive damages against them in amounts to be shown at trial.

## COUNT VI

**Respondeat Superior**

48. Plaintiffs reallege and incorporates by reference herein paragraphs 1 - 47 herein above as though fully set forth in this cause of action.

49. At all times herein mentioned, Defendant COUNTY, by and through its supervisory employees and agents, DOES, inclusive, has and had a mandatory duty of care to hire properly and adequately, train, retain, supervise, and discipline its police officers to avoid unreasonable risk of harm to persons affected by the actions of their officers. As a result, the COUNTY and DOES are liable:

(a) for all the acts and/or omissions of its employees, agents, representatives, and/or servants, including but not limited to DOE POLICE, pursuant to the doctrine of respondeat superior liability and/or vicarious liability.

(b) failing to take necessary, proper, or adequate measures in order to prevent the violation of plaintiffs' rights and injury to said plaintiffs. COUNTY, and DOES, inclusive, breached their duty of care to persons affected by the action of police officers in that COUNTY, and DOES, inclusive, failed to adequately train its police officers, including Defendants COUNTY, and DOES, inclusive, in the

proper and reasonable protection of citizen's whose safety and very lives were and are at risk during their encounters with the Maui County Police Officers and or failed to have adequate policies and procedures regarding the proper and reasonable protection of citizens. Said failure to supervise and train was a pattern and practice within the Maui County Police Department and was carried out by ranking officers within the Maui County Police Department. This lack of adequate supervisorial training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing failure to protect individuals in their encounters with officers of the Maui County Police Department.

50. As a direct and proximate result of the negligent conduct of Defendants COUNTY, POLICE, POLICE DEPARTMENT and DOES, Plaintiffs suffered the herein described personal injuries and damages.

## COUNT VII

**Negligence and vicarious liability**

51. Plaintiffs reallege and incorporates by reference herein paragraphs 1 - 50 herein above as though fully set forth in this cause of action.

52. At all times herein mentioned, Defendants COUNTY, POLICE DEPARTMENT, POLICE and DOES, inclusive, were subject to a duty of care to protect Nathaniel. The wrongful conduct of Defendants, as set forth herein, did not

comply with the standard of care to be exercise by reasonable police officers, proximately causing plaintiff to suffer injuries and damages as set forth herein. Pursuant to *Hawaii Revised Statutes §* 46-1.5, Defendant County of Maui is vicariously liable as *respondeat superior* to Plaintiffs for injuries and damages suffered as alleged herein, incurred as proximate result of the aforementioned wrongful conduct of all Defendants.

53. As a direct and proximate result of Defendants' negligent conduct, Nathaniel was assassinated and plaintiffs suffered severe emotional and mental distress and injury, having a traumatic effect on Plaintiffs' emotional tranquility, and suffered damages as herein set forth.

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendants, jointly and severally, as follows:

A. For general damages, special damages, non-economic damages, economic damages, and punitive damages against Defendant COUNTY OF MAUI, and/or DOE POLICE OFFICERS, and/or POLICE DEPARTMENT and/or Defendant DOES, and each of them in amounts to be shown at trial.

B. For reasonable attorney's fees, pre-judgment interest, taxable costs, and such other and further relief as the Court deems just and proper.

DATED:  Honolulu, Hawaii, September 14, 2023.

Law Office of:
HARRISON & MATSUOKA          /s/ William A. Harrison
                             WILLIAM A. HARRISON
                             Attorney for Plaintiffs
                             JULIEANN NAKI, Individually, and as
                             Special Administrator of the Estate of
                             NATHANIEL JOSHUA NA WA`E  WA`E
                             MAKALA KA KAI NAKI, RAYMOND K.
                             NAKI, SR., RAYMOND K. NAKI, JR.,
                             ANTHONY NAKI, JESSE NAKI, TERINA
                             NAKI and PALMER NAKI

17

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JULIEANN NAKI, Individually, and as Special Administrator of the Estate of NATHANIEL JOSHUA NA WA`E WA`E MAKALA KA KAI NAKI, RAYMOND K. NAKI, SR., RAYMOND K. NAKI, JR., ANTHONY NAKI, JESSE NAKI, TERINA NAKI and PALMER NAKI,<br><br>    Plaintiffs,<br><br>  vs.<br><br>COUNTY OF MAUI, DOE POLICE OFFICERS in their individual and official capacities as police officers for the County of Maui; DOE INDIVIDUALS 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, DOE GOVERNMENTAL ENTITIES 1-10, and DOE ENTITIES 1-10,<br><br>    Defendants. | CIVIL NO. _____<br><br>DEMAND FOR JURY TRIAL |

## **DEMAND FOR JURY TRIAL**

  JULIEANN NAKI, Individually, and as Special Administrator of the Estate of NATHANIEL JOSHUA NA WA`E WA`E MAKALA KA KAI NAKI, RAYMOND K. NAKI, SR., RAYMOND K. NAKI, JR., ANTHONY NAKI, JESSE NAKI, TERINA NAKI and PALMER NAKI, by and through their undersigned attorney, hereby demands a jury trial as to all issues so triable herein.

DATED: Honolulu, Hawaii, September 14, 2023.

Law Office of:
HARRISON & MATSUOKA           /s/ William A. Harrison
                              WILLIAM A. HARRISON
                              Attorney for Plaintiffs
                              JULIEANN NAKI, Individually, and as
                              Special Administrator of the Estate of
                              NATHANIEL JOSHUA NA WA`E WA`E
                              MAKALA KA KAI NAKI, RAYMOND K.
                              NAKI, SR., RAYMOND K. NAKI, JR.,
                              ANTHONY NAKI, JESSE NAKI, TERINA
                              NAKI and PALMER NAKI