IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JULIEANN NAKI, Individually and as Special Administrator of the Estate of Nathaniel Joshua Na Wa'e Wa'e Makala Ka Kai Naki; RAYMOND K. NAKI, SR.; RAYMOND K. NAKI, JR.; ANTHONY NAKI; JESSE NAKI; TERINA NAKI; PALMER NAKI,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF MAUI; DOE POLICE OFFICERS in their individual and official capacities as police officers for the County of Maui; DOE INDIVIDUALS 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE GOVERNMENTAL ENTITIES 1-10; DOE ENTITIES 1-10,<br><br>Defendants. | CIV. NO. 23-00383 HG-WRP |

**ORDER GRANTING DEFENDANT COUNTY OF MAUI'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITH PARTIAL LEAVE TO AMEND (ECF No. 11)**

Plaintiffs are relatives of Nathaniel Joshua Na Wa'e Wa'e Makala Ka Kai Naki ("Decedent") who are attempting to bring claims on behalf of themselves and on behalf of the Decedent's estate against the Defendant County of Maui and several unnamed Maui County police officers.

The First Amended Complaint asserts federal constitutional and state law claims against the Defendant County of Maui and

1

unnamed police officers arising from a shooting on April 30, 2023.

According to the First Amended Complaint, Maui County Police Officers responded to a call regarding an alleged violation of a Temporary Restraining Order.  Unnamed Defendant Officers responded to the call and approached the Decedent on a public road.  They observed that the Decedent possessed a machete and demanded that he drop the weapon.  According to the First Amended Complaint, unnamed Defendant Officers shot the Decedent and he died as a result.

The First Amended Complaint attempts to allege the following causes of action:

**Cause of Action 1**: for violations of the **Fourth Amendment** to the United States Constitution and Hawaii State Constitution, pursuant to 42 U.S.C. § 1983;

**Cause of Action 2**: for violations of the **Fourteenth Amendment** to the United States Constitution and Hawaii State Constitution, pursuant to 42 U.S.C. § 1983;

**Cause of Action 3**: for **municipal liability** pursuant to 42 U.S.C. § 1983;

**Cause of Action 4**: for **wrongful death** pursuant to Hawaii state law;

**Cause of Action 5**: for **intentional infliction of emotional distress** pursuant to Hawaii state law;

**Cause of Action 6**: for **negligent infliction of emotional distress** pursuant to Hawaii state law;

**Cause of Action 7**: for **negligence against the County of Maui pursuant to respondeat superior** pursuant to Hawaii state law;

**Cause of Action 8**: for **negligence** pursuant to Hawaii state law.

Defendant County of Maui filed a Motion to Dismiss the First Amended Complaint.  The Defendant County of Maui asserts that the Plaintiffs failed to state a federal law cause of action pursuant to 42 U.S.C. § 1983.  The Defendant County of Maui requests that the Court dismiss the federal law causes of action and decline supplemental jurisdiction over the remaining Hawaii state law causes of action.

Defendant County of Maui's Motion to Dismiss the First Amended Complaint (ECF No. 11) is **GRANTED.**

Plaintiffs are given **PARTIAL LEAVE TO AMEND** consistent with the rulings set forth in this Order.

## **PROCEDURAL HISTORY**

On September 14, 2023, Plaintiffs filed a Complaint.  (ECF No. 1).

On October 13, 2023, Plaintiffs filed a First Amended Complaint.  (ECF No. 9).

On October 25, 2023, Defendant County of Maui filed a Motion to Dismiss First Amended Complaint.  (ECF No. 11).

On November 16, 2023, Plaintiffs filed their Opposition. (ECF No. 14).

On December 7, 2023, Defendant County of Maui filed its Reply.  (ECF No. 15).

The Court elects to decide the Motion without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## BACKGROUND

**According to the First Amended Complaint:**

On April 30, 2023, unnamed Maui County Police Officers responded to a call alleging a violation of a Temporary Restraining Order on the island of Molokai.  (First Amended Complaint at ¶¶ 15-16, ECF No. 9).  The unnamed Officers approached Nathaniel Joshua Na Wa'e Wa'e Makala Ka Kai Naki who had a machete tucked under his arm.  (Id. at ¶ 17).

The unnamed Officers demanded that Mr. Naki put down the machete.  (Id. at ¶ 18).  According to Plaintiffs, "Defendant Police Officers opened fire with their weapons at point blank range" and Mr. Naki died hours later.  (Id. at ¶¶ 19-20).

## STANDARD OF REVIEW

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted."  When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  Id.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to

4

relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (citation and internal quotation marks omitted).

**ANALYSIS**

**I.   NAMED PLAINTIFFS**

The Plaintiffs named in the First Amended Complaint are as follows:

(1) **Julieann Naki**, individually and as **Special Administrator of the Estate** of Nathaniel Joshua Na Wa'e Wa'e Makala Ka Kai Naki, who is the **Decedent's mother** (First Amended Complaint at ¶¶ 2-3, ECF No. 9);

(2) **Raymond K. Naki, Sr.**, the **Decedent's father** (Id. at ¶ 4); and

(3) **Raymond K. Naki, Jr.; Anthony Naki; Jesse Naki; Terina Naki; and Palmer Naki**, the **Decedent's siblings** (Id. at ¶ 5).

## II.   **NAMED DEFENDANTS**

The following Defendants are named in the First Amended Complaint:

(1)   **County of Maui**;

(2)   **Doe Police Officers** in their individual and official capacities as police officers for the County of Maui;

(3)   **Doe Individuals; Doe Partnerships; Doe Corporations; Doe Governmental Entities; Doe Entities**.

## III.  **FEDERAL LAW CAUSES OF ACTION**

**Cause of Action 1**:   **Fourth Amendment** to the United States Constitution and the Hawaii Constitution pursuant to 42 U.S.C. § 1983

A plaintiff may challenge actions by government officials that violate the United States Constitution, pursuant to 42 U.S.C. § 1983.  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.  Section 1983 does not create any substantive rights.  Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 978 (9th Cir. 2004).

To prevail on a Section 1983 claim, a plaintiff must establish that a right secured by the Constitution or laws of the United States was violated and that the violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

6

The allegations in Cause of Action 1 attempt to bring a Section 1983 claim based on alleged excessive force in violation of the Fourth Amendment to the United States Constitution as set forth in Graham v. Connor, 490 U.S. 386, 396 (1989).

**A.  Standing**

The Complaint does not precisely specify which Plaintiffs are bringing Cause of Action 1 against which Defendants.

In Section 1983 actions, the survivors of an individual who allegedly died as a result of an officer's excessive use of force may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action. Moreland v. Las Vegas Metro. Police Dept., 159 F.3d 365, 369 (9th Cir. 1998).

Hawaii law permits the decedent's "legal representative" to pursue his tort claims.  Haw. Rev. Stat. § 663-7.  The term "legal representative," as used in Haw. Rev. Stat. § 663-7, is limited to one who stands in the place of the deceased and represents his interest, either by the decedent's act or by the operation of law.  Agae v. United States, 125 F.Supp.2d 1243, 1248 (D. Haw. 2000) (citing Mutual Life Ins. v. Armstrong, 117 U.S. 591, 597 (1886)).

In this case, the First Amended Complaint states that the Decedent's estate is represented by Julieann Naki.  (First Amended Complaint at ¶ 3, ECF No. 9).  Plaintiff Julieann Naki,

7

as Special Administrator of the Estate of the Decedent, has standing to assert a Fourth Amendment Excessive Force claim against an individual pursuant to Section 1983 on the Decedent's behalf.

The remaining Plaintiffs: Julieann Naki in her individual capacity; Raymond K. Naki, Sr.; Raymond K. Naki, Jr.; Anthony Naki; Jesse Naki; Terina Naki; and Palmer Naki do not have standing to pursue the Decedent's Fourth Amendment claim pursuant to Haw. Rev. Stat. § 663-7. Agae, 125 F.Supp.2d at 1248; Ryder v. Booth, Civ. No. 16-00065 HG-KSC, 2016 WL 2745809, *5 (D. Haw. May 11, 2016) (finding that only one plaintiff had standing to pursue the decedent's Section 1983 claim on behalf of the decedent's estate).

The only eligible Plaintiff with standing as to Cause of Action 1 for Excessive Force in violation of the Fourth Amendment to the United States Constitution is Plaintiff Julieann Naki, in her capacity as Special Administrator of the Estate of the Decedent.

Cause of Action 1 as brought by the remaining Plaintiffs Julieann Naki, individually; Raymond K. Naki, Sr.; Raymond K. Naki, Jr.; Anthony Naki; Jesse Naki; Terina Naki; and Palmer Naki is **DISMISSED WITH PREJUDICE.**

    **B.    Section 1983 Does Not Permit State Constitutional Claims**

In the First Cause of Action, Plaintiff Julieann Naki, as

Special Administrator for the Estate of the Decedent, alleges the Defendants violated the Decedent's rights under both the Fourth Amendment to the United States Constitution and the Hawaii Constitution pursuant to 42 U.S.C. § 1983. (First Amended Complaint at ¶ 27(b), ECF No. 9).

Plaintiff is unable to assert a Section 1983 claim pursuant to a violation of the Hawaii State Constitution.  Section 1983 is a remedy for violations of federal rights.  Violations of state law, including a state constitution, are not cognizable pursuant to Section 1983.  Maizner v. Hawaii Dept. of Educ., 405 F.Supp.2d 1225, 1240 (D. Haw. 2005) (citing Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996)); see Ove v. Gwinn, 264 F.3d 817, 824-25 (9th Cir. 2001).

Plaintiff's claim in Cause of Action 1 as a violation of the Hawaii State Constitution pursuant to 42 U.S.C. § 1983 is **DISMISSED WITH PREJUDICE.**

## C.   Individual and Official Capacities

Plaintiff Julieann Naki, as Special Administrator for the Estate of the Decedent, asserts Cause of Action 1 against unnamed Maui Police Officers in both their official and individual capacities.

A suit against a police officer in his or her official capacity is the equivalent of naming the government entity itself as the defendant.  Kentucky v. Graham, 473 U.S. 159, 165-67

9

(1985); <u>Cmty. House, Inc. v. City of Boise</u>, 623 F.3d 945, 966-67 (9th Cir. 2010).

The Defendant County of Maui is already a named defendant in Cause of Action 3 seeking municipal liability pursuant to Section 1983.  Duplicative Section 1983 claims may not be brought against both the municipality itself and against the individual government officials in their official capacities.  <u>Hollandsworth v. City and Cnty. of Honolulu</u>, 440 F.Supp.3d 1163, 1183-84 (D. Haw. 2020); <u>Vance v. Cnty. of Santa Clara</u>, 928 F.Supp. 993, 996 (N.D. Cal. 1996); see <u>Lawman v. City and Cnty. of San Francisco</u>, 159 F.Supp.3d 1130, 1143 n.7 (N.D. Cal. 2016).

Plaintiff's Section 1983 Claim in Cause of Action 1 against unnamed Maui Police Officers in their official capacities is duplicative of Plaintiff's Section 1983 claim against the Defendant County of Maui.  <u>Hollandsworth</u>, 440 F.Supp.3d at 1183-84; <u>Carnell v. Grimm</u>, 872 F.Supp. 746, 752 (D. Haw. 1994).

Plaintiff's Section 1983 Claim for Excessive Force in Cause of Action 1 against unnamed Maui Police Officers in their official capacities is **DISMISSED WITH PREJUDICE** as duplicative of the Section 1983 claims against the Defendant County of Maui.

Plaintiff is given **LEAVE TO AMEND** to properly identify Doe Officers in order to state a Section 1983 Excessive Force Claim against them in their individual capacities.

**D.    Plaintiffs Have Failed To Identify The Acts Of Any Individual Officers**

The allegations in the First Amended Complaint are insufficient to state a claim against any individual officer. Federal Rule of Civil Procedure 8 requires a complaint to clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); see OSU Student All. v. Ray, 699 F.3d 1053, 1078 (9th Cir. 2012).

Plaintiffs have engaged in impermissible "shotgun" pleading. See Ye Jiang v. Zhong Fang, 20-cv-00100 JAO-KJM, 2021 WL 2895681, *5 (D. Haw. July 9, 2021).  Shotgun pleading occurs when one party pleads that multiple parties did an act, without identifying which party did what specifically, or when one party pleads multiple claims, and does not identify which specific facts are allocated to which claim.  Hughey v. Camacho, 2014 WL 5473184, at *4 (E.D. Cal. Oct. 23, 2014).

The First Amended Complaint engages in both types of impermissible pleading here.  The First Amended Complaint alleges that multiple parties did an act.  It states generally that "the officers pointed their service pistols at Nathaniel....Defendant Police Officers opened fire with their weapons."  (First Amended Complaint at ¶¶ 18-19, ECF No. 9).

In addition, the First Amended Complaint does not specify any individual it claims to have engaged in excessive force.

11

Rather, it attempts to assert multiple claims against unnamed Doe Officers collectively.  In order to state an Excessive Force claim pursuant to Section 1983, Plaintiff must identify each officer individually, provide facts to support her theory as to why the force was excessive, and provide enough detailed allegations to plausibly state a claim.  See Graham, 490 U.S. at 395; Blankenhorn v. City of Orange, 485 F.3d 463, 481 n.12 (9th Cir. 2007).

To state a claim pursuant to Graham, Plaintiff must provide sufficient facts to establish that the use of force was excessive given the type and amount of force inflicted, the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether the suspect was actively resisting arrest or attempting to evade arrest by flight.  Est. of Strickland v. Nevada Cnty., 69 F.4th 614, 619-20 (9th Cir. 2023).

Here, the First Amended Complaint does not provide any information about the nature of the Temporary Restraining Order, how many officers were involved, the amount of force inflicted, or the severity of any crime they suspected Mr. Naki committed. Nor does the First Amended Complaint indicate whether Mr. Naki refused to drop the machete as instructed by officers or whether he was actively resisting arrest or attempting to evade arrest. See id. (upholding the district court's finding that plaintiffs failed to state a claim against police officers pursuant to

Graham when the facts alleged by the plaintiffs demonstrated that the use of force was reasonable).

Plaintiff's Section 1983 Claim for Excessive Force in Cause of Action 1 against unnamed Maui Police Officers in their individual capacities is **DISMISSED WITH LEAVE TO AMEND.**

**Cause of Action 2**:   **Fourteenth Amendment** to the United States
                          Constitution and the Hawaii Constitution
                          pursuant to 42 U.S.C. § 1983

Just as in Cause of Action 1, the First Amended Complaint in Cause of Action 2 does not specify which Plaintiffs are bringing the Fourteenth Amendment claim against which Defendants.

"Plaintiffs" allege the "Defendants" engaged in conduct that violated "Nathaniel's Fourteenth Amendment's due process right to life and liberty." (First Amended Complaint at ¶ 27(c), ECF No. 9).

### A.   The Estate Does Not Have Standing

Plaintiff Julieann Naki, in her capacity as Special Administrator for the Estate of the Decedent, may not bring a Fourteenth Amendment claim where the Decedent's Estate's claims are more specifically covered by the Fourth Amendment.  Est. of Lopez ex rel. Lopez v. Torres, 105 F.Supp.3d 1148, 1162-63 (S.D. Cal. 2015).  The Estate's proper claim is brought in Cause of Action 1 for excessive force pursuant to the Fourth Amendment.

Cause of Action 2 for a violation of the Fourteenth Amendment under Section 1983 as brought by Plaintiff Julieann

Naki, as Special Administrator of the Estate of the Decedent, is **DISMISSED WITH PREJUDICE.**

### B.   Parents Have Standing To Bring A Fourteenth Amendment Claim But Siblings Do Not

The Ninth Circuit Court of Appeals has recognized that certain family members have a Fourteenth Amendment liberty interest in familial companionship and society.  <u>Wilkinson v. Torres</u>, 610 F.3d 546, 554 (9th Cir. 2010); <u>Tokuda v. Calio</u>, Civ. No. 13-00202 DKW-BMK, 2014 WL 5580959, *9 (D. Haw. Oct. 31, 2014).

The Decedent's mother, Julieann Naki in her individual capacity, and his father, Raymond K. Naki, Sr., have standing to pursue their Fourteenth Amendment claims for their personal liberty interests as parents of the Decedent.  The Ninth Circuit Court of Appeals has ruled that the parents of a person alleged to have been killed by law enforcement officers may assert a substantive due process claim based on the deprivation of their liberty interest arising out of their relationship with the deceased.  <u>Moreland</u>, 159 F.3d at 371.

The Decedent's siblings, however, Plaintiffs Raymond K. Naki, Jr.; Anthony Naki; Jesse Naki; Terina Naki; and Palmer Naki, do not have standing to bring such a claim.  The Ninth Circuit Court of Appeals has ruled that siblings of a decedent lack standing to bring familial association claims pursuant to the Fourteenth Amendment to the United States Constitution.  <u>Ward</u>

v. City of San Jose, 967 F.2d 280, 283-84 (9th Cir. 1991).

Cause of Action 2 for violations of the Fourteenth Amendment under Section 1983 as brought by Plaintiffs Raymond K. Naki, Jr.; Anthony Naki; Jesse Naki; Terina Naki; and Palmer Naki is **DISMISSED WITH PREJUDICE.**

### C.    Section 1983 Does Not Permit State Constitutional Claims

In the Second Cause of Action, Plaintiffs Julieann Naki, individually, and Raymond K. Naki, Sr. allege the Defendants violated the Decedent's rights under both the Fourteenth Amendment to the United States Constitution and the Hawaii Constitution pursuant to 42 U.S.C. § 1983. (First Amended Complaint at ¶ 27(c), ECF No. 9).

As explained above, Plaintiffs are unable to assert a Section 1983 claim pursuant to a violation of the Hawaii State Constitution.  Maizner, 405 F.Supp.2d at 1240.

Plaintiffs' Due Process Claim in Cause of Action 2 as an alleged violation of the Hawaii State Constitution pursuant to 42 U.S.C. § 1983 is **DISMISSED WITH PREJUDICE.**

### D.   Individual and Official Capacities

Plaintiffs again attempt to bring their Section 1983 claim in Cause of Action 2 pursuant to the Fourteenth Amendment against the Doe Officers in both their official and individual capacities.

As explained above, the Defendant County of Maui is already a named defendant.  Plaintiffs' Section 1983 claims against the Doe Officers in their official capacities are duplicative of their claims against the Defendant County of Maui.

Plaintiffs' Due Process Claim in Cause of Action 2 against unnamed Maui Police Officers in their official capacities is **DISMISSED WITH PREJUDICE** as duplicative of the Section 1983 claims against the Defendant County of Maui.

### E.    Plaintiffs Have Failed To State A Claim Pursuant To the Fourteenth Amendment To The United States Constitution

A substantive due process violation requires demonstrating that a law enforcement officer's conduct "shocks the conscience" when he responded to an emergency or an escalating situation. Porter v. Osborn, 546 F.3d 1131, 1137 (9th Cir. 2008).

In order to plausibly state a claim, the Decedent's parents must demonstrate that the purpose of the Defendant Officers' conduct was "to cause harm unrelated to the legitimate object" of seizure.  Id. at 1140 (citing Cnty. of Sacramento v. Lewis, 523 U.S. 833, 836 (1998)).

The United States Supreme Court has held that a purely reactive decision to use force to seize a suspect does not shock the conscience.  Lewis, 523 U.S. at 855.  Situations that shock the conscience are "rare situations where the nature of an officer's deliberate physical contact is such that a reasonable factfinder would conclude that the officer intended to harm,

16

terrorize or kill." <u>Porter</u>, 546 F.3d at 1141 (citing <u>Davis v. Township of Hillside</u>, 190 F.3d 167, 174 (3d Cir. 1999)).

Plaintiffs have not provided sufficient allegations of any specific conduct by any individual officers to state a Fourteenth Amendment claim. The First Amended Complaint lacks particularity as to what deliberate physical contact each individual officer had with the Decedent that was so extreme such that it "shocks the conscience." <u>Id.</u>

The First Amended Complaint does not specify who shot the Decedent, how many times he was shot, or provide sufficient information concerning the nature and circumstances of the encounter to support a Fourteenth Amendment claim on behalf of the Decedent's parents.

Plaintiffs Julieann Naki, individually, and Raymond K. Naki, Sr.'s Due Process Claim in Cause of Action 2 as an alleged violation of the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983 is **DISMISSED WITH LEAVE TO AMEND.**

**Cause of Action 3**:   **Municipal Liability** pursuant to 42 U.S.C. § 1983

  **A.** **Standing**

As previously explained, Plaintiff Julieann Naki, as Special Administrator of the Estate of the Decedent, has standing to assert a Section 1983 claim on the Decedent's behalf that is premised on the Government's use of force against the Decedent.

The remaining Plaintiffs: Julieann Naki in her individual capacity; Raymond K. Naki, Sr.; Raymond K. Naki, Jr.; Anthony Naki; Jesse Naki; Terina Naki; and Palmer Naki do not have standing to pursue a Section 1983 claim against a municipality on behalf of the Decedent pursuant to Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690 (1978). Agae, 125 F.Supp.2d at 1248.

The only remaining Plaintiff as to Cause of Action 3 for municipal liability under Monell pursuant to Section 1983 is Plaintiff Julieann Naki, as Special Administrator of the Estate of the Decedent.

Cause of Action 3 as brought by the remaining Plaintiffs Julieann Naki, individually; Raymond K. Naki, Sr.; Raymond K. Naki, Jr.; Anthony Naki; Jesse Naki; Terina Naki; and Palmer Naki is **DISMISSED WITH PREJUDICE.**

>    **B.    The First Amended Complaint Has Not Sufficiently Alleged A Monell Claim**

Pursuant to Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690 (1978), a municipality may be liable under Section 1983 if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation. Connick v. Thompson, 563 U.S. 51, 60 (2011). In order to recover, a plaintiff must establish that the action pursuant to an official municipal policy caused her injury. Id. at 60-61.

To plead a <u>Monell</u> claim, a plaintiff must comply with the standard set forth in <u>Starr v. Baca</u>, 652 F.3d 1202 (9th Cir. 2011).  <u>A.E. v. Cnty. of Tulare</u>, 666 F.3d 631, 637 (9th Cir. 2012) (explaining that the pleading standard set forth in <u>Starr v. Baca</u> extends to <u>Monell</u> claims).

A plaintiff asserting a <u>Monell</u> claim, including a claim based on an unconstitutional policy, practice, or custom, must provide sufficiently detailed factual allegations to give fair notice and to enable the opposing party to defend itself effectively.  <u>Estate of Mendez v. Cty. of Ceres</u>, 390 F.Supp.3d 1189, 1206 (E.D. Cal. 2019).

## 1.  Unconstitutional Policy Or Custom

A municipality may be held liable pursuant to Section 1983 for injuries caused by its unconstitutional policies or customs. <u>Monell</u>, 436 U.S. at 694; <u>Webb v. Sloan</u>, 330 F.3d 1158, 1164 (9th Cir. 2003).  A plaintiff may bring a <u>Monell</u> claim based on an unconstitutional policy or custom by providing sufficient allegations:

(1)  that he was deprived of a constitutional right;

(2)  that the municipality had a policy;

(3)  that the policy amounted to deliberate indifference to his constitutional right; and

(4)  the policy was the moving force behind the constitutional violation.

<u>Mabe v. San Bernadino Cnty., Dep't of Pub. Soc. Servs.</u>, 237 F.3d

1101, 1110-11 (9th Cir. 2001).

A municipality may be liable if it has a policy of inaction and such inaction amounts to a failure to protect constitutional rights, but only if that policy of inaction is the result of a conscious or deliberate choice made from among various alternatives.  Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001).

In order to identify the relevant policy, the plaintiff must provide sufficient allegations:

(1)   showing a longstanding practice or custom which constitutes the standard operating procedure of the local government entity;

(2)   showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent the official policy in the area of decision; or

(3)   showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir. 2005).

Liability for improper custom may not be predicated on isolated or sporadic incidents, but it must be founded upon practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy.  Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

The First Amended Complaint does not provide any allegations to support a Monell claim based on unconstitutional policy or custom.  The allegations do not cite to any specific policy, custom, or practice for which the Defendant County of Maui may be

liable pursuant to Monell.  The First Amended Complaint's general allegations fail to identify any particular policy, custom, or practice at issue, the content of any policy, or the alleged deficiencies of any policy.  Andrews v. Hawaii Cnty., Civ. No. 13-00046 JMS-KSC, 2013 WL 5274369, at *6 (D. Haw. Sept. 17, 2013); Herd v. Cnty. of San Bernardino, 311 F.Supp.3d 1157, 1167 (C.D. Cal. 2018).

The First Amended Complaint further fails to explain how any policy, custom, or practice amounted to deliberate indifference to the Decedent's particular constitutional rights.  Merely alleging generally that the Decedent's rights were violated and that "Defendants" acted unreasonably is conclusory and insufficient to state a claim.  Plaintiff has failed to specify how any policy, custom, or practice was likely to cause constitutional injury and how it caused injury to the Decedent. Herd, 311 F.Supp.3d at 1168.  It is insufficient to allege generalized injuries to "Plaintiffs" caused by "Defendants" in order to plausibly state a Monell claim.

### 2.    Failure To Train

A municipality may be held liable under Section 1983 for a failure to train its employees.  City of Canton, Ohio v. Harris, 489 U.S. 378, 387 (1989).  A municipality's culpability under Section 1983 is at its "most tenuous" where a claim turns on a failure to train.  Connick, 563 U.S. at 60-61.

21

In order to establish municipal liability for a failure to train, the municipality's training must be so deficient that it amounts to "deliberate indifference" to the rights of persons with whom the untrained employees come into contact.  Id. at 61; Kaahu v. Randall, Civ. No. 14-00266 HG-RLP, 2018 WL 472996, at *14 (D. Haw. Jan. 18, 2018).  Mere negligence in training does not give rise to a Monell claim.  Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011).

To succeed on a failure to train claim, a plaintiff must demonstrate that "policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights."  Connick 563 U.S. at 61.  "The issue is whether the training program is adequate and, if it is not, whether such inadequate training can justifiably be said to represent municipal policy."  Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006).

Plaintiff fails to plausibly allege a Monell claim based on a failure to train.  The First Amended Complaint alleges that the Defendant County of Maui failed to properly train its police officers.  (First Amended Complaint at ¶ 50, ECF No. 9). Plaintiff makes no allegations regarding the training that officers received and does not explain why that training was inadequate.  The First Amended Complaint fails to provide any facts to plausibly allege why the failure to train was likely to

result in the constitutional violation alleged here.

Allegations setting forth the pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train.  Connick, 563 U.S. at 62.  "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights."  Id.

The First Amended Complaint's allegations of a general failure to train by the Defendant County of Maui are insufficient to establish municipal liability under a failure to train theory.

Cause of Action 3 seeking municipal liability against the Defendant County of Maui under Monell pursuant to 42 U.S.C. § 1983 is **DISMISSED WITH LEAVE TO AMEND.**

**IV.   WRONGFUL DEATH PURSUANT TO HAWAII LAW**

**Cause of Action 4**:  **Wrongful Death** pursuant to Hawaii state law

Hawaii's wrongful death statute allows recovery where "the death of a person is caused by the wrongful act, neglect, or default of any person."  Haw. Rev. Stat. § 663-3.  Under Hawaii law, a wrongful death action can be brought by the deceased's legal representative, mother, father, children, surviving spouse, and any person wholly or partly dependent upon the deceased person.  Id.

**A.   Standing**

Plaintiffs Julieann Naki, individually and as the Special Administrator of the Decedent's Estate, and Raymond K. Naki, Sr. have standing to bring a wrongful death action pursuant to Hawaii's wrongful death statute.

The remaining Plaintiffs: Raymond K. Naki, Jr.; Anthony Naki; Jesse Naki; Terina Naki; and Palmer Naki have not pleaded any facts to establish a basis for standing pursuant to Haw. Rev. Stat. 663-3.

Cause of Action 4 for Wrongful Death as stated by Plaintiffs Raymond K. Naki, Jr.; Anthony Naki; Jesse Naki; Terina Naki; and Palmer Naki is **DISMISSED WITH LEAVE TO AMEND.**  These Plaintiffs must assert facts to establish a basis for standing in order for them to bring a wrongful death claim pursuant to Haw. Rev. Stat. § 663-3.

**B.   Failure To State A Claim**

The First Amended Complaint generally alleges that Defendants caused the Decedent's death.  (First Amended Complaint at ¶¶ 38-41, ECF No. 9).  The generalized allegations against the collective "Defendants" are insufficient.

Plaintiffs must assert sufficient facts setting forth the specific conduct by each Defendant in order to plausibly state a claim against each Defendant they seek to sue.

24

Cause of Action 4 for Wrongful Death is **DISMISSED WITH LEAVE TO AMEND**.


**V.    REMAINING STATE LAW CAUSES OF ACTION**

**Cause of Action 5:**      **Intentional Infliction Of Emotional Distress**

**Cause of Action 6:**      **Negligent Infliction Of Emotional Distress**

**Cause of Action 7:**      **Negligence Pursuant To Respondeat Superior**

**Cause of Action 8:**      **Negligence**


     **A.    Standing**

     Hawaii law permits the decedent's "legal representative" to pursue his tort claims.  Haw. Rev. Stat. § 663-7.  Plaintiff Julieann Naki in her capacity as Special Administrator of the Decedent's estate is the Decedent's legal representative.  She is entitled to bring state law tort claims on behalf of the Decedent.  All other Plaintiffs are barred from bringing state law tort claims on behalf of the Decedent.


     **B.    The First Amended Complaint Contains Insufficient Facts to Plausibly State A Hawaii State Law Tort Claim**

     Plaintiff Julieann Naki, in her individual capacity, as well as the other individual capacity Plaintiffs, may only bring state law tort claims to the extent they can state a claim that outlines the factual and legal basis for their claims and

25

includes facts concerning their own injuries that were caused by the individual Defendants.

Plaintiffs' state law claims generally assert conclusory allegations that Defendants' wrongful conduct caused Plaintiffs harm.  (See First Amended Complaint at pp. 10-17, ECF No. 9). Vague and conclusory allegations are insufficient to state a plausible claim.  Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (explaining pleading standard following Iqbal and Twombly).  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to state a claim.  Iqbal, 556 U.S. at 678.  Each plaintiff must set forth specific facts supporting his or her individual claims and must allege facts showing a causal link between each defendant and each plaintiff's injury or damage.  Id. at 679.

For the negligence causes of action, the complaint must set forth:

    (1)  a duty, or obligation, recognized by the law, requiring
         the defendant to conform to a certain standard of
         conduct for the protection of others against
         unreasonable risks;

    (2)  a failure on the specific defendant's part to conform
         to the standard required;

    (3)  a reasonably close causal connection between the
         conduct and the resulting injury to the plaintiff; and

    (4)  actual loss or damage resulting to the plaintiff.

Molfino v. Yuen, 339 P.3d 679, 682 (Haw. 2014).

The First Amended Complaint's conclusory allegations are insufficient to state a plausible negligence or other state law

tort claim on behalf of any Plaintiff.  <u>Pantastico v. Dep't of Educ.</u>, 406 F.Supp.3d 865, 881 (D. Haw. 2019).

### C.    Conditional Privilege For State Law Claims

Hawaii law provides non-judicial government officials with conditional privilege for tortious actions made in the performance of their public duties.  <u>Towse v. State of Hawaii</u>, 647 P.2d 696, 702 (Haw. 1982); <u>Kaahu v. Randall</u>, Civ. No. 14-00266 HG-RLP, 2018 WL 472996, at *12 (D. Haw. Jan. 18, 2018). Conditional privilege does not apply where there is clear and convincing evidence that government officials acted with malice. <u>Id.</u>  Malice is defined as "the intent, without justification or excuse, to commit a wrongful act, reckless disregard of the law or of a person's legal rights, and ill will; wickedness of heart."  <u>Awakuni v. Awana</u>, 165 P.3d 1027, 1042 (Haw. 2007) (internal quotations omitted); <u>Bartolome v. City & Cnty. of Honolulu</u>, Civ. No. 06-00176 SOM-LEK, 2008 WL 942573, at *10 (D. Haw. Apr. 8, 2008).

Plaintiffs' state law claims do not plausibly allege sufficient facts to establish that any specific individual acted with malice.  Conclusory allegations that the County or Doe Officers acted maliciously, wantonly, or oppressively are insufficient to plausibly state a claim.

Cause of Action 5 for Intentional Infliction of Emotional Distress, Cause of Action 6 for Negligent Infliction of Emotional

Distress, Cause of Action 7 for Negligence based on Respondeat Superior, and Cause of Action 8 for Negligence are **DISMISSED WITH LEAVE TO AMEND.**

## VI.  PUNITIVE DAMAGES

It is well established that a municipality is immune from punitive damages pursuant to 42 U.S.C. § 1983, as well as pursuant to Hawaii state law.  City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Lauer v. YMCA, 557 P.2d 1334, 1342 (Haw. 1976).

The First Amended Complaint's request for punitive damages against Defendant County of Maui is **DISMISSED WITH PREJUDICE.**

To obtain punitive damages for a violation of Section 1983, a plaintiff must prove that the defendant's conduct was malicious, oppressive, or in reckless disregard of the plaintiff's rights.  Dang v. Cross, 422 F.3d 800, 810-11 (9th Cir. 2005).  An award of punitive damages pursuant to Hawaii state law requires a plaintiff to prove by clear and convincing evidence that the defendant acted "wantonly or oppressively or with such malice as implies a spirt of mischief or criminal indifference to civil obligations; or where there has been some wilful misconduct or that entire want of care which would raise the presumption of a conscious indifference to consequences." Masaki v. Gen. Motors Corp., 780 P.2d 566, 572 (Haw. 1989) (internal quotations omitted).

The First Amended Complaint fails to provide sufficient allegations to recover punitive damages.  To the extent a Plaintiff seeks punitive damages from an individual Defendant, the Complaint must set forth the specific factual and legal basis for punitive damages against each individual Defendant from whom punitive damages are sought by each individual Plaintiff.

The First Amended Complaint's request for punitive damages is **DISMISSED WITH LEAVE TO AMEND.**

## CONCLUSION

Defendant County of Maui's Motion to Dismiss the First Amended Complaint (ECF No. 11) is **GRANTED WITH PARTIAL LEAVE TO AMEND.**

**THE FOLLOWING CLAIMS ARE DISMISSED WITH PARTIAL LEAVE TO AMEND AS FOLLOWS:**

**Cause of Action 1**:   **Fourth Amendment** to the United States Constitution pursuant to 42 U.S.C. § 1983;

Cause of Action 1 for Excessive Force as brought by Julieann Naki in her individual capacity; Raymond K. Naki, Sr.; Raymond K. Naki, Jr.; Anthony Naki; Jesse Naki; Terina Naki; and Palmer Naki is **DISMISSED WITH PREJUDICE.**

Cause of Action 1 for Excessive Force as brought pursuant to the Hawaii State Constitution is **DISMISSED WITH PREJUDICE.**

Cause of Action 1 for Excessive Force as brought against Doe Defendants in their official capacities as police officers for the County of Maui is **DISMISSED WITH PREJUDICE.**

The only remaining Plaintiff as to Cause of Action 1 for Excessive Force is Julieann Naki, in her capacity as Special Administrator of the Decedent's Estate.

29

Cause of Action 1 for Excessive Force as stated by Plaintiff Julieann Naki, as Special Administrator of the Decedent's Estate, against Doe Officers in their individual capacities is **DISMISSED WITH LEAVE TO AMEND.**

**Cause of Action 2**:   **Fourteenth Amendment** to the United States Constitution pursuant to 42 U.S.C. § 1983;

Cause of Action 2 for Due Process as brought by Plaintiff Julieann Naki, as Special Administrator of the Decedent's Estate, and the Plaintiff siblings of the Decedent: Raymond K. Naki, Jr.; Anthony Naki; Jesse Naki; Terina Naki; and Palmer Naki is **DISMISSED WITH PREJUDICE.**

Cause of Action 2 for Due Process as brought against Doe Defendants in their official capacities as police officers for the County of Maui is **DISMISSED WITH PREJUDICE.**

Cause of Action 2 for Due Process as brought pursuant to the Hawaii State Constitution is **DISMISSED WITH PREJUDICE.**

Cause of Action 2 for Due Process as stated by the parents of the Decedent: Plaintiff Julieann Naki, individually, and Plaintiff Raymond K. Naki, Sr., against Doe Officers in their individual capacities is **DISMISSED WITH LEAVE TO AMEND.**

**Cause of Action 3**:   **Municipal Liability** pursuant to 42 U.S.C. § 1983;

Cause of Action 3 for municipal liability pursuant to <u>Monell</u> as brought by Julieann Naki in her individual capacity; Raymond K. Naki, Sr.; Raymond K. Naki, Jr.; Anthony Naki; Jesse Naki; Terina Naki; and Palmer Naki is **DISMISSED WITH PREJUDICE.**

Cause of Action 3 for municipal liability pursuant to <u>Monell</u> as brought by Julieann Naki as Special Administrator of the Decedent's Estate is **DISMISSED WITH LEAVE TO AMEND.**

**Cause of Action 4**:   **Wrongful Death** pursuant to Hawaii state law;

Cause of Action 4 for wrongful death is **DISMISSED WITH LEAVE TO AMEND.**

| | |
|---|---|
| **Cause of Action 5:** | **Intentional Infliction Of Emotional Distress** |
| **Cause of Action 6:** | **Negligent Infliction Of Emotional Distress** |
| **Cause of Action 7:** | **Negligence Pursuant To Respondeat Superior** |
| **Cause of Action 8:** | **Negligence** |

Causes of Action 5, 6, 7, and 8 are **DISMISSED WITH LEAVE TO AMEND.**

**Punitive Damages**

Plaintiffs' request for punitive damages against Defendant County of Maui is **DISMISSED WITH PREJUDICE.**

Plaintiffs are given **LEAVE TO AMEND** their request for punitive damages against individually named Defendants.

//

//

//

//

//

//

//

//

//

//

//

//

//

31

**LEAVE TO AMEND**:

Plaintiffs are given **PARTIAL LEAVE TO AMEND** and may file a Second Amended Complaint on or before Friday, March 1, 2024.  The Second Amended Complaint must conform to the rulings contained in this Order.

Plaintiffs' Second Amended Complaint is limited to the causes of action that were dismissed with leave to amend pursuant to this Order.  Plaintiffs may not allege any new causes of action.

Plaintiffs are given **LEAVE TO AMEND** to properly identify Defendant Doe Officers in their individual capacities who are alleged to have participated in the April 30, 2023 shooting.  Plaintiffs may not add any additional Defendants in the Second Amended Complaint.

Failure to file a Second Amended Complaint on or before Friday, March 1, 2024, will result in automatic dismissal with prejudice of the First Amended Complaint.

IT IS SO ORDERED.

DATED: January 18, 2024, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Julieann Naki, Individually and as Special Administrator of the Estate of Nathaniel Joshua Na Wa'e Wa'e Makala Ka Kai Naki; Raymond K. Naki, Sr.; Raymond K. Naki, Jr.; Anthony Naki; Jesse Naki; Terina Naki; Palmer Naki  v. County of Maui; Doe Police Officers in their individual and official capacities as police officers for the County of Maui; Doe Individuals 1-10; Doe Partnerships 1-10; Doe Corporations 1-10; Doe Governmental Entities 1-10; Doe Entities 1-10; Civil No. 23-00383 HG-WRP; **ORDER GRANTING DEFENDANT COUNTY OF MAUI'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITH PARTIAL LEAVE TO AMEND (ECF No. 11)**